IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SUNTRUST BANK,**
   **Plaintiff,**

vs.              5:09cv77/RS/MD

**RICHARD F. SHOCKLEY a/k/a**
**RICHARD FRANK SHOCKLEY, a/k/a**
**RICHARD SHOCKELY a/k/a**
**RICHARD N. DAVIS a/k/a**
**RICK DAVIS a/k/a**
**R. SHOCKLEY RICHARD and**

**DEBORAH SHOCKLEY a/k/a**
**DEBORAH A. SHOCKLEY a/k/a**
**DEBORAH ANN SHOCKLEY a/k/a**
**DEBORAH S. SHOCKLEY a/k/a**
**A. SHOCKLEY DEBORAH a/k/a**
**DEBORAH CHAPMAN-SHOCKLEY,**
   **Defendants.**

---

## REPORT AND RECOMMENDATION

  This cause is before the court upon plaintiff's motion for judgment on the pleadings and defendants' response and motion for dismissal (doc. 15). Plaintiff initiated this cause by filing a civil complaint against the defendants Richard and Deborah Shockley for breach of a promissory note on March 13, 2009. (Doc. 1). The defendants filed a pleading entitled "Defendants (sic) Response to Action," which the court construed as an answer. (Doc. 6). Based on information contained within defendants' response, the court directed the plaintiff to provide additional information to the court with respect to seemingly duplicative litigation pending in

state court. (Doc. 7).  Plaintiff complied, including proof that the state court litigation had been dismissed in the interim.  (Doc. 9).

Plaintiff then filed a motion for default judgment (doc. 10), which was denied (doc. 11).  It belatedly filed the corporate disclosure statement (doc. 13) and the following day filed the motion for judgment on the pleadings currently at issue. (Doc. 14).

Plaintiff Suntrust contends that it is entitled to judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) for the sums due and owing on the promissory note, $193,034.05 plus interest.  Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  *Douglas Asphalt Co v. Oore, Inc.*, 541 F.3d 1269 (11th Cir. 2008) (citing *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  The facts as alleged in the complaint are accepted as true and viewed in the light most favorable to the non-moving party.  *Id.*  Judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citing *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998)).   The court considers the documents referred to in the complaint that are central to plaintiff's claim as part of the pleadings for Rule 12 purposes.  See *Brooks v. Blue Cross and Blue Shield of Florida, Inc*.  116 F.3d 1364, 1369 (11th Cir. 1997) (attaching such documents to motion to dismiss will not require conversion of the motion into a motion for summary judgment) (citing *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)).  In this case, the complaint includes a six page Equity Line Account Agreement and Disclosure Statement. (Doc. 1, exh. A).

Plaintiff asserts that the promissory note itself is sufficient to establish a prima facie case for enforcement.  *Haycook v. Ostman*, 397 So.2d 743 (Fla. 5th DCA 1981). Challenges to such a note, that is "mature and regular on its face" or to the debt it represents, must be made by affirmative defense.  *Cole Taylor Bank v.*

Case 5:09-cv-00077-RS-MD   Document 17   Filed 05/27/09   Page 3 of 4

Page 3 of 4

*Shannon*, 772 So.2d 546, 550 (Fla. 1st DCA 2000). In their responsive pleading, defendants offered as a defense the existence of the pending state court litigation, which plaintiff has since dismissed. (Doc. 6, 9). Defendants do not appear to contest the fact of the debt. (See doc. 15). However, of greater importance is the request for arbitration also contained within the defendants' response to action. (Doc. 6).

Plaintiff does not contest that a timely motion for arbitration must be granted. See *John B. Goodman Ltd. Partnership v. THF Const., Inc.*, 321 F.3d 1094 (11th Cir. 2003) (district court must grant motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1984) (district courts must compel arbitration when parties move to so compel). Plaintiff asserts, however, that defendants' request for arbitration, contained within their response to action is alone insufficient to constitute a "motion" to compel arbitration, and that the deadline has lapsed for filing such a motion. This court disagrees.

While it is true that pro se defendants did not file a separate "motion," the intent of the request contained within their response to action was clear. It has been long established that pleadings filed by a pro se litigant should be reviewed under a "less stringent" standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (citations omitted). Here, defendants' specifically stated that they "request Arbitration in accordance with debt agreement signed August 2, 2005 and signed by defendant (sic)" and attached a copy of the agreement. Additionally, the defendants' request was filed on March 30, 2009, a mere seventeen days after the complaint was filed, and therefore within the sixty day period contemplated by the Arbitration Clause contained within the parties' agreement. (Doc. 6, exh. A). The court finds this "request" is sufficient to constitute a motion/request for arbitration and thus a defense to this action.

In light of the foregoing, plaintiff's motion for judgment on the pleadings should be denied and this case should be dismissed without prejudice so the parties can pursue binding arbitration in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., as contemplated in the parties' original agreement.

Accordingly, it is respectfully RECOMMENDED:

The plaintiff's motion for judgment on the pleadings (doc. 14) be DENIED and this case be dismissed without prejudice so the parties may undertake binding arbitration as contemplated by their original agreement.

At Pensacola, Florida this 27th day of May, 2009.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:09cv77/RS/MD*